IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DONALD EVANS, | ) | CASE NO. 1:23-cv-02238-CAB |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| -vs- | ) | **AMENDED COMPLAINT** |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) | JURY DEMAND ENDORSED HEREON |
| | ) | |
| Defendant. | ) | |

NOW COMES Plaintiff Donald Evans, pursuant to leave of Court granted February 12, 2024, and for his Amended Complaint against Defendant FedEx Ground Package System, Inc., alleges as follows.

1. This is an action for Defendant's violation of Plaintiff's rights under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq. (ADA), its Ohio state law counterpart under Ohio Revised Code sections 4112.02 and 4112.99, and for workers' compensation retaliation under Ohio Revised Code section 4123.90.

**PARTIES**

2. Plaintiff Donald Evans resides in Cuyahoga County, Ohio and was at all relevant times employed by Defendant FedEx Ground Package System, Inc.

3. Defendant FedEx Ground Package System, Inc. is a foreign corporation doing business in Cuyahoga County, Ohio.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this civil action under 28 U.S.C. §1331 and 28 U.S.C. §1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) as Defendant does business in the Northern District of Ohio, and the causes of action alleged herein arise from Defendant's activities in the Northern District of Ohio.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff began his employment with Defendant as a full-time package handler on or about October 3, 2022.

7. On or about January 12, 2023 co-worker Demila Scott falsely accused Plaintiff of threatening her and acting aggressively toward her that day, and Defendant placed Plaintiff on suspension pending investigation.

8. On January 24, 2023 Manager Dan Kellums reported that Scott had identified Robert Medlen as a witness to the alleged incident of January 12, 2023. When interviewed, Medlen said he heard Scott say to Plaintiff, "Now, you're fired," and denied hearing Plaintiff threaten Scott or observing any aggressive behavior by Plaintiff toward Scott.

9. On February 1, 2023 Plaintiff returned to work from his suspension.

10. On February 1, 2023 Plaintiff suffered a workplace injury in the course of and arising out of his employment with Defendant and informed Defendant of his injury.

11. Plaintiff was released to return to work on February 4, 2023 (a Saturday, a day when Plaintiff was not scheduled to work). On Thursday, February 2, 2023 Mr. Evans' doctor faxed Plaintiff's work restrictions to Manager Dan Kellums. Plaintiff's work restrictions included,

among other things, no lifting or carrying over 10 pounds, no pushing or pulling over 20 pounds, and no bending, twisting, squatting or reaching.

12. When Plaintiff showed up for work on Monday, February 6, 2023, Kellums told him he needed to have a return to work slip, to bring one the next day, and then sent Plaintiff home.

13. Plaintiff returned on Tuesday, February 7, 2023 and handed Kellums the return to work slip, the restrictions his doctor's office had faxed to Kellums on February 2nd, along with medical paperwork which disclosed his medical diagnosis of spinal stenosis. Plaintiff was then assigned to the most strenuous job at the work site, in contravention of his restrictions, and was reinjured. Within a short period of time after his re-injury, Plaintiff was told to see Kellums. Plaintiff did so, and Kellums told Plaintiff to "get out" and that he was "a liability."

14. Plaintiff went to see his doctor on February 7, 2023. His doctor took him off work until February 22, 2024. Plaintiff's doctor faxed notice of same to Kellums on February 7, 2023.

15. Shortly thereafter, Plaintiff filed a claim for Worker's Compensation benefits.

16. On February 21, 2023 Plaintiff received a voicemail from Defendant's Assistant Senior Manager Ryan Moeritz, telling Plaintiff not to return to work the next day because Defendant was investigating him, and informing him he was on suspension.

17. Defendant never allowed Plaintiff to return to work.

18. By letter dated April 17, 2023, Defendant advised Plaintiff it had terminated his employment effective April 14, 2023.

19. Following his termination, on May 11, 2023 Plaintiff, by and through counsel, provided Defendant with a 90-day notice of claim letter pursuant to Ohio Revised Code § 4123.90.

20. Plaintiff timely filed his Complaint stating a claim under Ohio Revised Code § 4123.90, which Defendant removed to this Court.

21. On or about May 15, 2023, Plaintiff timely filed a charge of disability, age and race discrimination with the Equal Employment Opportunity Commission (EEOC), being Charge No. 532-2023-02522.

22. Plaintiff received a Notice of Right to Sue on January 22, 2024 from the EEOC giving him ninety (90) days to file suit. A copy of the notice is attached as Exhibit A.

## COUNT ONE – AMERICANS WITH DISABILITIES ACT
**(Failure to Accommodate)**

23. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

24. Defendant is an employer within the meaning of the ADA as at all relevant times it engaged in an industry affecting commerce and has more than 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and is therefore a covered entity under the ADA.

25. At all relevant times Plaintiff had a disability within the meaning of the ADA, as he was substantially limited in major life activities including lifting, carrying, pushing, pulling, bending, twisting, squatting and/or reaching, as well as the major life activity of musculoskeletal functioning.

26. Plaintiff was otherwise qualified for his package handler job despite his disability with or without a reasonable accommodation, or with an alleged "essential" job requirement eliminated.

27. Defendant knew or had reason to know of Plaintiff's disability.

28. Plaintiff requested reasonable accommodation from Defendant in the form of workplace restrictions, and Defendant knew or had reason to know Plaintiff needed reasonable accommodation.

29. Defendant failed to provide the requested reasonable accommodation.

30. Plaintiff is entitled to an award of damages as a result of Defendant's failure to accommodate his disability.

31. Defendant acted with malice and/or with reckless indifference to Plaintiff's federally protected rights, in that it discriminated against Plaintiff in the face of a perceived risk that its actions would violate federal law, thereby entitling Plaintiff to an award of punitive damages.

## COUNT TWO – AMERICANS WITH DISABILITIES ACT
**(Disability Discrimination)**

32. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

33. Plaintiff suffered an adverse employment action, to wit, termination from employment.

34. By his statement to Plaintiff that he was a liability, Manager Kellums meant that Plaintiff was a liability because of his disability.

35. Defendant terminated Plaintiff because of his disability.

36. Plaintiff's position remained open while Defendant sought other applicants.

37. As a result of Defendant's actions and inactions, Plaintiff suffered significant lost income, promotional opportunities, benefits, emotional distress and other compensatory damages.

38. Defendant acted with malice and/or with reckless indifference to Plaintiff's federally protected rights, in that it discriminated against Plaintiff in the face of a perceived risk that its actions would violate federal law, thereby entitling Plaintiff to an award of punitive damages.

## COUNT THREE - O.R.C. §§ 4112.02 and 4112.99

39. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

40. By it actions and inactions as set forth in Count One, Defendant violated Ohio Revised Code § 4112.02(A), which makes it unlawful for any employer to discriminate against an employee because of disability with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

41. Defendant acted with malice, thereby entitling Plaintiff to an award of punitive damages.

## COUNT FOUR - WORKER'S COMPENSATION RETALIATION
### (Ohio Revised Code § 4123.90)

42. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

43. Plaintiff filed a Workers' Compensation claim.

44. Defendant thereafter suspended Plaintiff and terminated him from employment without legitimate cause.

45. A causal link exists between Plaintiff's filing of a Workers' Compensation claim and his suspension and termination.

46. Plaintiff is entitled to recover damages from Defendant under Ohio Revised Code § 4123.90 for its wrongful suspension and termination of Plaintiff in retaliation for filing a claim for Worker's Compensation benefits.

47. As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands from Defendant the following:

(a) On Count One, monetary damages, emotional distress damages, and punitive damages;

(b) On Counts Two and Three, monetary damages to compensate Plaintiff for lost wages and benefits, emotional distress damages, and punitive damages;

(c) On Count Four, the remedies set forth in Ohio Revised Code § 4123.90;

(d) On all Counts, pre- and post-judgment interest;

(e) On all Counts, an award of reasonable attorneys' fees and costs; and

(f) On all Counts, such other relief to which Plaintiff is entitled.

**JURY TRIAL DEMAND**

Plaintiff requests a jury trial on all claims to which he is entitled to a trial by jury.

Respectfully submitted,

*/s/ David W. Neel*
David W. Neel (0033611)
David W. Neel, LLC
13800 Shaker Blvd., Suite 102
Shaker Heights, Ohio 44120
Telephone: (216) 522-0011
Telecopier: (844) 548-3570
dwneel@neellaw.com

*Attorney for Plaintiff Donald Evans*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2024 a copy of the foregoing Amended Complaint was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ David W. Neel*
David W. Neel (0033611)